**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

James Lea,

               Plaintiff-Appellant,

v.

Richard Steinbronn, Sgt.,

               Defendant-Appellee.

No. 14-35522

D.C. No. 13-cv-00259-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael Mosman, Chief District Judge, Presiding

Argued and Submitted November 10, 2016
Portland, Oregon

Before: McKEOWN and W. FLETCHER, Circuit Judges, and DORSEY,[**]
District Judge.

      Plaintiff, James Lea, appeals the district court's order granting defendant

Sergeant Richard Steinbronn's motion for summary judgment on Lea's § 1983

claims for excessive force and unlawful arrest and seizure stemming from Lea's

---

[*]       This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jennifer A. Dorsey, United States District Judge for
the District of Nevada, sitting by designation.

2011 arrest at gunpoint. We have jurisdiction under 28 U.S.C. §1291, and we affirm.

We review summary-judgment determinations de novo and ask whether, when viewing the evidence in the light most favorable to the nonmoving party, there are any genuine disputes of material fact.[1]

## 1. The district court properly granted summary judgment on Lea's unlawful-arrest and -seizure claims.

Oregon Revised Statute § 163.195 makes it a Class A misdemeanor to "recklessly engage[] in conduct [that] creates a substantial risk of serious physical injury to another person." The harm "need only be possible or potential; it need not actually occur."[2] In their briefing, both parties discussed at length the issue of whether ORS § 163.195 is broad enough to encompass Lea's conduct in this case. There is no case directly on point, nor does the statute answer that question. Even if the Oregon statute did not criminalize Lea's conduct, Steinbronn is entitled to summary judgment on Lea's unlawful-arrest and -seizure claims based on his reasonable belief that it did.[3]

---

[1] *See Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2014) (en banc).

[2] *State v. Cervantes*, 223 P.3d 425, 434 (Or. Ct. App. 2009).

[3] *See Heien v. North Carolina*, 135 S. Ct. 530, 540 (2014) (holding that a reasonable mistake of law can support reasonable suspicion).

## 2. The district court properly granted summary judgment on Lea's excessive-force claim.

As the Supreme Court explained in *Graham v. Connor*, in excessive-force cases like this one, courts must balance the "nature and quality of the intrusion" on a person's liberty with the "countervailing governmental interests at stake" to determine whether the force used was objectively reasonable under the circumstances.[4] Relevant *Graham* factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[5] "The question is not simply whether the force was necessary to accomplish a legitimate police objective; it is whether the force used was reasonable in light of *all* the relevant circumstances."[6]

The officers' approach was perhaps an overreaction, but the force used was not unconstitutionally excessive. Though Steinbronn and his team were investigating a misdemeanor offense and Lea did not resist arrest, the officers had reason to fear for their safety or the safety of others. The arrest occurred in a crowded public parking lot at night, Lea's handgun was nearby, there had been a shooting in the area only two weeks earlier, and the event that was being held that

---

[4] *Graham v. Connor*, 490 U.S. 386, 396 (1989).

[5] *Id.*

[6] *Hammer v. Gross*, 932 F.2d 842, 846 (9th Cir. 1991) (en banc).

evening was known to attract gang members. Under these circumstances, Steinbronn's use of force—which resulted in no physical injury to Lea—was reasonable. And even if the force used were excessive, Steinbronn is entitled to qualified immunity from Lea's excessive-force claim because "it would [not] be clear to a reasonable officer that [Steinbronn's] conduct was unlawful in the situation he confronted."[7]

Because the district court properly granted summary judgment in Steinbronn's favor on all claims, we affirm.

**AFFIRMED.**

---

[7] *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003) (emphasis omitted) (internal citations omitted).